**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50606 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00724-PA-1 |
| v. | |
| BERNARD METTLE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 9, 2014**
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Bernard Mettle appeals from his conviction for possession with intent to

distribute methamphetamine, 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).  Mettle was

convicted after he pled guilty, subject to his right to appeal the district court's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of his motion to suppress physical evidence and incriminating statements made to law enforcement officials. Because the district court correctly denied the motion to suppress, we affirm Mettle's conviction.

Mettle was detained at Los Angeles International Airport by Customs and Border Protection Officers (CBPOs) who suspected that he might be smuggling contraband in his alimentary canal. He was taken to a secondary inspection facility and then to a hospital, where he was held for a monitored bowel movement. After Mettle excreted thirty methamphetamine pellets, Homeland Security Investigations (HSI) agents arrived and read him his *Miranda* rights. Mettle waived his rights and confessed to the HSI agents that he had been attempting to smuggle narcotics from Los Angeles to Tokyo.

We review de novo the denial of a motion to suppress, the legality of a border search, and the voluntariness of a confession. *United States v. Camacho*, 368 F.3d 1182, 1183 (9th Cir. 2004) (motion to suppress, border search); *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir. 2002) (voluntariness of a confession). In each case, we review the district court's underlying factual determinations for clear error. *Id*.

Mettle first challenges the admissibility of the methamphetamine pellets. "[T]he detention of a traveler at the border, beyond the scope of a routine customs

search and inspection, is justified at its inception if customs agents, considering all the facts surrounding the traveler and her trip, reasonably suspect that the traveler is smuggling contraband in her alimentary canal." *United States v. Montoya de Hernandez*, 473 U.S. 531, 541 (1985). Here, the CBPOs detained Mettle because he was visibly nervous, gave suspicious answers to routine questions, had purchased his plane ticket with cash shortly before his flight, and was traveling on a flight that an individual smuggling methamphetamine pellets in his alimentary canal had also tried to take two days earlier. "Based on these facts, the [CBPOs] possessed reasonable suspicion of drug smuggling sufficient to support a detention for monitored bowel movements." *United States v. Gonzalez-Rincon*, 36 F.3d 859, 863 (9th Cir. 1994) (discussing circumstances similar to Mettle's).

Mettle also challenges the admissibility of a confession he gave to HSI agents after he waived his *Miranda* rights, claiming that neither the confession nor the waiver were voluntary. To determine the voluntariness of a confession, "we determine whether, 'considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'" *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009) (quoting *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir.1988)).

3

Mettle argues that he was coerced because he was handcuffed for the majority of his detention and because he was not read his *Miranda* rights prior to the arrival of the HSI agents; however, he fails to show how these circumstances amount to "physical or psychological coercion." *Id.* He also claims that he was coerced because he had asked for the assistance of counsel and was denied. However, even if Mettle had invoked his right to counsel, it would have been permissible for officials to interrogate him, because he himself initiated further discussion with the CBPOs once his excretion of the pellets was imminent. *See Shedelbower v. Estelle*, 885 F.2d 570, 573 (9th Cir. 1989) (citing *Smith v. Illinois*, 469 U.S. 91, 95 (1984) (per curiam); *Oregon v. Bradshaw*, 462 U.S. 1039, 1042–45 (1983)).

Because there is no basis for finding that Mettle was coerced into confessing, we conclude that his confession was voluntary. We also conclude that his *Miranda* waiver was voluntary. *See United States v. Bautista-Avila*, 6 F.3d 1360, 1365 (9th Cir. 1993) ("[O]ur determination that [a defendant's] confession was voluntary is tantamount to a determination that his *Miranda* waiver was voluntary.").

Finally, Mettle argues that he was entitled to an evidentiary hearing on his suppression motion. "'An evidentiary hearing on a motion to suppress need be

4

held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.'" *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007)). Mettle points to six purportedly contested issues of fact, but the parties' submissions before the district court demonstrate that four of those issues are not in dispute. As to the remaining two issues – whether Mettle asked for counsel and whether one of the CBPOs pressured him to consent to an x-ray so that she could go home – the government did not contest these facts in its opposition to Mettle's suppression motion. Because there were no contested issues of fact warranting further proceedings, the district court did not abuse its discretion, *id.*, in declining to give Mettle an evidentiary hearing.

The district court did not err in denying Mettle's suppression motion. The final judgment of the district court is **AFFIRMED**.